UNITED STATES of America

v.

**John YAROSH et al., Defendants.**

**Misc. Nos. 77–70 and 77–77.**

United States District Court,
M. D. Pennsylvania.

May 4, 1978.

Sal Cognetti, Jr., Asst. U. S. Atty., Scranton, Pa., for plaintiff.

Bernard J. Brown, Carbondale, Pa., Thomas J. Hanlon, George E. Clark, Jr., Scranton, Pa., James C. McDonough, Carbondale, Pa., Michael R. Shehadi, Throop, Pa., John Krisa, Carbondale, Pa., Timothy E. Foley, Scranton, Pa., for defendants.

MEMORANDUM

HERMAN, District Judge.

The question before the Court is whether Yarosh, Veltri, Zawacki, Mazur, Luchetti, McGowan, Wilding and Halloran can be required to testify before a grand jury after they had all been duly granted immunity.

These men had been members of the School Board of the Mid Valley School District in Lackawanna County in this judicial district and all pled guilty to one count of conspiracy to extort money from vendors doing business with the School District and one count relating to an understatement of income tax.

They have now all served a jail sentence for these offenses and pursuant to a plea agreement all other counts in the indictments against these men have been dismissed.

The Government is continuing an investigation of vendors who sold goods to the School District and seeks the testimony of these School Directors to determine if perjury were committed by vendors or others before the Grand Jury or in statements to Federal Bureau of Investigation officers.

Counsel for the said School Directors object to their clients being called before the Grand Jury averring that part of the plea bargain they entered into when they pled guilty, was that they should not be required to so testify. The Government denies this.

A hearing was held at which all of these Directors testified as did Michael C. Eberhardt, formerly with the Department of Justice in Washington and Sal Cognetti, Jr., Assistant U.S. Attorney for the Middle District of Pennsylvania.

After a detailed review of the transcript of the hearing and of the testimony taken at the time these parties entered their guilty pleas on September 12, 1977, the Court concludes that they may not withhold from the Grand Jury their testimony.

The problem apparently arose during negotiations between counsel for Defendants and the attorneys representing the Government even before the indictments were filed.

It appears from the testimony that although multiple counts against each man were contemplated, the Government offered to accept a guilty plea to one count of

conspiracy, one tax count and perhaps one substantive count of extortion and would refrain from charging the Defendants on the other proposed counts and would make no recommendation to the Court on sentencing, but would require each Defendant to give a written statement detailing all of the activities surrounding the alleged offenses naming the vendors who paid "kickbacks". This was termed a "written statement up front". All of the Defendants rejected this offer by the Government and thereafter the indictment issued containing multiple counts against each Defendant. There is some dispute as to why this offer was rejected by the Defendants but the Court finds that the basic reason therefore was the reluctance of any of the Defendants to *voluntarily* appear as informers or Government witnesses against the vendors.

After indictment there were further plea negotiations which resulted in pleas by each Defendant to the two counts as earlier indicated.

At the time the pleas were entered on September 12, 1977 the following colloquy took place between the Court and counsel when Yarosh entered his plea:

> "Court: What is the plea bargain? You have not given it to me in writing?
>
> Mr. Cognetti: No, Your Honor. The Government will dismiss the remaining counts.
>
> Court: Is that the only plea bargain, Mr. Brown (defense counsel) to your knowledge?
>
> Mr. Brown: Yes, Your Honor".[1]

A similar colloquy took place when Felix Zawacki pled guilty. And counsel acknowledged that the same agreement was made with Vincent Veltri. The same was acknowledged by Carl Luchetti and McGowan and Wilding and Halloran. As to Mazur, he acknowledged that he heard what the Court said to Yarosh, Zawacki and Veltri.

At no place in the record made at the time of sentencing is there any indication that the plea bargain involved anything on the part of the Government but the dismissal of all other counts.

All Defendants testified that they "understood" from their counsel that they would not be required to testify if they pled guilty or that if they pled "that would be the end of the case" or that "they wouldn't be involved anymore" or statements in a similar vein. No one of them said categorically that he was promised that he would not have to testify before a Grand Jury in the further investigation of the Mid Valley School District matter.

Defense counsel generally agreed that it was their *understanding* that these Defendants would not be required to testify further but no counsel could categorically say that part of the plea agreement *was,* or that the Government representatives actually *stated,* that the Defendants would not be required to testify further.

Having arrived at the conclusion that John Yarosh, Vincent Veltri, Felix Zawacki, Stanley Mazur, Carl Luchetti, Vincent McGowan, Henry Wilding and Gene Halloran may not withhold their testimony from the Grand Jury, they will be directed to appear before that body and testify. *See: U. S. v. Bryan,* 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950).

1. It is noted that Mr. Bernard Brown represented 7 of the 8 Defendants initially—not Veltri.